Robert D. Buyan (SBN 138,270)
STOUT, UXA & BUYAN, LLP
4 Venture, Suite 300
Irvine, California  92618
Tel:   949-450-1750
Fax:  949-450-1764

Attorneys for Plaintiff WINPLUS NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINPLUS NORTH AMERICA, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OLD WORLD INDUSTRIES, LLC, an Illinois limited liability company,<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NONINFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Now comes Plaintiff, Winplus North America, Inc. ("WINPLUS") and, for its complaint against the above-named Old World Industries, LLC ("OLD WORLD"), alleges as follows:

## NATURE OF THE ACTION

This Complaint states claims for declaratory judgment of patent invalidity and non-infringement under 35 U.S.C. § 256 with respect to United States Patent No. 7,511,607 entitled *Vehicle Back-Up Viewing System* ("the '607 Patent"), which was filed on March 28, 2006.

## THE PARTIES

1.  Plaintiff WINPLUS is a California corporation having a principal place of business at 820 S Wanamaker Ave, Ontario, California 91761.

2.  On information and belief, Defendant OLD WORLD is an Illinois limited liability company having a principal place of business at 4065 Commercial Ave, Northbrook, IL 60062-1851.

3.  On information and belief, OLD WORLD is the owner by assignment of the '607 Patent.

4.  OLD WORLD sells consumer automotive products and other goods under various brand names throughout the United States and in this judicial district.

5.  On information and belief, OLD WORLD imports substantial amounts of good through the Port(s) of Los Angeles and/or Long Beach in this judicial district.

## JURISDICTION AND VENUE

6.  This Complaint arises under the Patent Laws of the United States, 35 U.S.C. § 100 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. This Court has original jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over OLD WORLD at least because of its continuous and systematic contacts with the state of California, including conducting of substantial and regular business therein through importing, marketing and sales of numerous products including aftermarket automotive back-up cameras. Additionally, OLD WORLD has targeted and asserted the '607 Patent against WINPLUS and its business interests in this judicial district thereby causing harm to Winplus in this judicial district.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) and 1400(b) because OLD WORLD is doing business and "resides" in this judicial district as defined by 28 U.S.C. §1391(c), and a substantial part of the events or omissions giving rise to the claims pleaded herein have been purposely calculated to divert business from WINPLUS, which maintains its primary place of business in this judicial district.

## FACTS

10. WINPLUS and OLD WORLD both import and sell aftermarket backup camera systems for motor vehicles, in direct competition with one another.

11. WINPLUS sells its aftermarket backup camera systems for motor vehicles under the trademark YADA.

12. OLD WORLD sells its aftermarket backup camera systems for motor vehicles under the trademark PEAK.

13. At present, both WINPLUS and OLD WORLD sell aftermarket backup camera systems for motor vehicles which are termed "wireless" because image data is transmitted wirelessly from a camera located on the rear of a vehicle to a receiver/monitor located in the passenger compartment of that vehicle at a

location where it can be viewed by the driver.

14. Prior to the commercialization of "wireless" aftermarket backup camera systems, various purveyors had sold original equipment and aftermarket backup camera systems which were termed "hard-wired" because image data in those systems was transmitted from a camera located on the rear of a vehicle through a cable to a receiver/monitor located in the passenger compartment of that vehicle such that it could be viewed by the driver.

15. In both wireless and hard wired aftermarket backup camera systems, the cameras have been attached to the back of the vehicle and powered by connecting them to the vehicle's backup light circuitry such that, when the vehicle's backup lights are on the camera is also on and when the vehicle's backup lights are off the camera is also off.

16. One example of a hard wired aftermarket backup camera system wherein the camera was powered by connecting it to the vehicle's backup light circuitry is the VRBCS300 Backup Camera which was marketed by Virtual Reality Sound Labs. Attached hereto as Exhibit A is a wiring diagram for the VRBCS300 Backup Camera. This wiring diagram includes a copyright notice indicating a date of first publication of 2005, which is prior to the March 28, 2006 filing date of the '607 Patent.

17. On information and belief, the VRBCS300 Backup Camera was also on sale and in public use prior to the March 28, 2006 filing date of the '607 Patent.

18. Further on information and belief, the camera of the VRBCS300 Backup Camera drew a predetermined maximum amount of power from the backup light wires (i.e., the reverse lamp power lines).

19. Also, attached hereto as Exhibit B, is a copy of Chinese Laid-Open Patent Application No. 03134646.4 entitled *Multifunctional Visual Vehicle*

*Reversing Device* which was filed September 24, 2003 and published on March 30, 2005, prior to the March 28, 2006 filing date of the '607 Patent. This published Chinese patent application describes a backup camera system wherein the connection between the camera and display can be wireless and wherein the camera is connected to the backup light circuitry such that when the vehicle is shifted into the reverse gear, the backup lights and camera both become energized.

20. On information and belief, both the VRBCS300 Backup Camera and the Chinese Laid-Open Patent Application No. 03134646.4 constitute *prima facie* prior art to the '607 Patent, but nether were disclosed to the United States Patent Office or considered by the patent examiner when reaching the decision to allow the '607 Patent.

21. During prosecution of the '607 Patent, the Applicant's claims were initially rejected by the patent examiner over prior art other than the VRBCS300 Backup Camera and Chinese Laid-Open Patent Application No. 03134646.4. In response, the Applicant amended its claims and argued that the amended claims were allowable over the cited prior art. Specifically, the Applicant contended that the prior art failed to disclose or render obvious a method for displaying an external view of a vehicle that includes the steps of electrically interconnecting a camera via wiring to a reverse lamp power line of a vehicle, drawing power from the reverse lamp power line to capture vehicle external view information with the camera, wirelessly transmitting the image information during powering of the camera, and displaying the image on a display. Based on the Applicant's amendments and arguments, the patent examiner issued a Notice of Allowance and the '607 Patent subsequently issued.

22. On information and belief, if other prior art including but not necessarily limited to the VRBCS300 Backup Camera and the Chinese Laid-Open

Patent Application No. 03134646.4 had been considered during prosecution of the '607 Patent, the claims of the '607 Patent would have been rejected and would not have issued.

23. On information and belief, OLD WORLD sales representatives have recently made allegations to two highly valued customers of WINPLUS that sales of the current WINPLUS wireless backup camera product would infringe patent rights held by OLD WORLD. Further on information and belief, on at least one of these occasions a representative of OLD WORLD transmitted a document to a WINPLUS customer specifically identifying the '607 Patent and alleging that OLD WORLD's wireless backup camera system, which it offers in direct competition with WINPLUS, constitutes "Exclusive Patented Technology" and that the '607 Patent covers electrically interconnecting a camera via wiring to a reverse lamp power line of a vehicle and wirelessly transmitting during powering of said camera and said image information from a transmitter to a display.

24. These infringement allegations by OLD WORLD have given rise to an actual controversy between WINPLUS and OLD WORLD regarding whether any claims of the '607 Patent are valid and/or whether any claims of the '607 Patent would be infringed by the importation, offering for sale, sale or use of the WINPLUS wireless backup camera system.

## Count 1
### (Declaratory Judgment of Invalidity of the '607 Patent)

25. WINPLUS restates and realleges the allegations set forth in Paragraphs 1 through 24 above and incorporates them here by reference.

26. There is an actual justiciable case or controversy between OLD WORLD and WINPLUS with regard to the validity of the '607 Patent within the jurisdiction of this Court pursuant to 28 U.S.C. §§ 2201 and 2202.

27. The claims of the '607 Patent are invalid for failure to meet at least one of the conditions for patentability imposed by 35 U.S.C. §§ 101, 102, 103 and/or 112.

28. WINPLUS is entitled to a judicial declaration that the claims of the '607 Patent are invalid.

## Count 2
### (Declaratory Judgment of Non-Infringement of the '607 Patent)

29. WINPLUS restates and realleges the allegations set forth in Paragraphs 1 through 28 above and incorporates them here by reference.

30. There is an actual justiciable case or controversy between OLD WORLD and WINPLUS with regard to infringement/non-infringement of the '607 Patent within the jurisdiction of this Court pursuant to 28 U.S.C. §§ 2201 and 2202.

31. The importation, offering for sale, sale, and use of the WINPLUS wireless backup camera system has not and will not directly infringe, contribute to the infringement of, or induce the infringement of, any valid and enforceable claim of the '607 Patent.

32. WINPLUS is entitled to a judicial declaration that neither WINPLUS nor its customers infringe the '607 Patent.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff WINPLUS prays for the following relief against OLD WORLD:

A. A judgment and declaration that each claim of the '607 Patent is invalid and therefore without any force and effect;

B. A judgment and declaration that the importation, offering for sale, sale, or use of the WINPLUS wireless backup camera system has not and will not

directly infringe, contribute to the infringement of, or induce the infringement of any valid and enforceable claim of the '607 Patent;

   C. An injunction against OLD WORLD, its representatives, affiliates, subsidiaries, assigns, employees, agents or anyone acting in privity or concert with OLD WORLD from charging infringement or instituting any legal action for infringement of the '607 Patent against WINPLUS or any anyone acting in privity with WINPLUS, including the representatives, affiliates, successors, assigns, agents, suppliers, manufacturers, contractors and customers of WINPLUS;

   D. A judgment and declaration that this action is an exceptional case and awarding WINPLUS its reasonable attorneys' fees pursuant to 35 U.S.C. § 284; and

   E. A judgment for such other and further relief in law or in equity as this Court deems just or proper.

              Respectfully submitted,

Dated: September 20, 2014

             /s/ R<small>OBERT</small> D. B<small>UYAN</small>
              Robert D. Buyan
              Stout, Uxa & Buyan, LLP
              Attorneys for Plaintiff Winplus North America, Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff WINPLUS demands a trial by jury of all issues raised by this complaint which are triable by jury.

Dated:  September 20, 2014          /S/ R<span>OBERT</span> D. B<span>UYAN</span>
                                    Robert D. Buyan
                                    Stout, Uxa & Buyan, LLP
                                    Attorneys for Plaintiff Winplus North America, Inc.